620 A.2d 602

**LOWER PAXTON TOWNSHIP, BOARD
OF SUPERVISORS, Appellant,**

v.

**Stephen T. OKONIESKI and Corrine V. Okonieski, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1992.

Decided Jan. 20, 1993.

Richard H. Wix, for appellant.

G. Edward Metz, Jr., for appellees.

Before PALLADINO, and FRIEDMAN, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Lower Paxton Township, Board of Supervisors (Board) appeals from an order of the Court of Common Pleas of Dauphin County (trial court) which granted in part and denied in part Stephen and Corrine Okonieski's (Appellees') petition for costs and attorney's fees. We affirm.

This case has a long and tedious procedural history. The case originated from the grant of a conditional use permit to Appellees' neighbors by the Board. The Board had initially denied the permit, but then reconsidered its decision and granted the permit. Appellees appealed the grant to the trial

court, which sustained the appeal and affirmed the Board's order denying the permit.[1]

Appellees then filed the petition for costs and attorney's fees, contending that the Board acted arbitrarily, capriciously, and in bad faith when it reconsidered the denial of the permit. The trial court scheduled a hearing on the petition for April 11, 1991. Appellees' counsel served members of the Board with documents entitled "subpoenas" for attendance at the April 11, 1991 hearing.

On April 11, 1991, only Appellees, Appellees' counsel, and counsel for the Board attended the hearing; members of the Board were not present. Instead, the Board filed a motion to quash the subpoenas. The motion alleged, among other things, that the Board members were not required to attend the hearing because witness fees and expenses had not been paid by Appellees, and because one member of the Board was called into active military service.

By order of June 26, 1991, the trial court denied the motion to quash, determining that the motion was frivolous and that the "subpoenas" served on the Board members were actually "notices to attend" because the Board was a party to the action and, as such, no witness fees were required to be paid. The trial court also ordered the Board to pay Appellees' attorney's fees and travel expenses for attendance at the April 11, 1991 hearing.

On December 11, 1991, the Board filed a petition to strike the zoning appeal, contending that Appellees' appeal from the Board's grant of the permit was improvidently taken because Appellees brought the action against the improper party, namely the Board instead of Lower Paxton Township. On December 23, 1991, Appellees filed a motion to compel compliance with the June 26, 1991 trial court order, which directed payment by the Board to the Appellees for their attorney's

1. Two days after the trial court sustained the appeal, Appellees' neighbors reapplied for a conditional use permit. The application was approved by the Board, and Appellees once again appealed to the trial court, which dismissed the appeal. Appellees appealed to this court, which reversed the trial court. *Okonieski v. Lower Paxton Township Board of Supervisors*, 151 Pa.Cmwlth. 639, 616 A.2d 209 (1992).

fees and attorney travel expenses for the April 11, 1991 hearing.

By order of January 2, 1992, the trial court addressed Appellees' motion to compel and petition for attorney's fees and costs; however, it did not address the Board's motion to strike. The trial court ordered the Board to pay record costs, but denied all other costs and fees except those contained in the trial court's June 26, 1991 order. The trial court further ordered that Appellees' motion to compel compliance with the June 26, 1991 order was granted to the extent that the matter was now finally determined. It is from this January 2, 1992 order that the Board appeals.

The issues raised by the Board are as follows: 1) whether the trial court erred in awarding attorney's fees to the extent ordered in the trial court's June 26, 1991 order; 2) whether Appellees are estopped from demanding the Board members' attendance at the April 11, 1991 hearing without payment of witness fees and expenses; and 3) whether the trial court erred in issuing its January 2, 1992 order, which finally disposed of the matter, without addressing the Board's motion to strike. Our scope of review is limited to a determination of whether constitutional rights have been violated, or whether the trial court abused its discretion or committed an error of law. *Jackson v. Southeastern Pennsylvania Transportation Authority*, 129 Pa.Commonwealth Ct. 596, 566 A.2d 638 (1989), *petition for allowance of appeal denied*, 527 Pa. 656, 593 A.2d 426 (1990).

As to the first issue, the Board argues that the court erred in awarding attorney's fees to Appellees to the extent ordered in the court's June 26, 1991 order because the Board's motion to quash was not frivolous.[2] The Board argues that its motion to quash was not frivolous for the sole reason that one

2. As stated previously, the June 26 order denied as frivolous and in bad faith the Board's motion to quash the notices to attend served on the Board for attendance at the April 11, 1991 hearing before the trial court. The June 26 order also awarded Appellees' attorney's fees and travel expenses for attendance at the April 11, 1991 hearing at which the Board failed to show.

of the members of the Board who was served with a notice to attend[3] the April 11, 1991 hearing was on active military status in New Jersey. The Board contends that when a party to a lawsuit is called to active duty, the court must stay all proceedings in cases where a final judgment has not been entered, and cites for support a recent enactment by Congress issued during Operation Desert Storm.

While the Board's argument may have some merit, the Board nonetheless failed to produce any evidence or documentation to support its allegation in its motion to quash or the allegation of its attorney at the April 11, 1991 hearing that one of the Board members served with a notice to attend was on active military status. The Board's counsel's bald allegation, without more, is insufficient to support the Board's motion to quash, and therefore the trial court did not err in denying the motion, or in determining that the motion was frivolous. *See Narducci v. Mason's Discount Store*, 518 Pa. 94, 541 A.2d 323 (1988); *Commonwealth v. Silo*, 509 Pa. 406, 502 A.2d 173 (1985).

■ Moreover, the Pennsylvania rules of civil procedure provide that a court may award attorney's fees and appropriate sanctions for failure of a party to comply with a notice to attend. Pa.R.C.P. No. 234.5(b). The court, therefore, did not err in awarding attorney's fees to the extent ordered on June 26, 1991.

■ As to the second issue, whether Appellees are estopped from demanding attendance at the April 11, 1991 hearing without payment of fees and expenses, the Board failed to raise this issue before the trial court or in its statement of matters complained of on appeal as required by Pa.R.A.P. 1925(b). Failure of the Board to raise the issue below or in its statement of matters complained of on appeal constitutes a waiver of that issue. *Perin v. Board of Supervisors of Washington Township*, 128 Pa.Commonwealth Ct. 313, 563 A.2d 576 (1989); *Gilmore by Gilmore v. Dondero*, 399 Pa.Superior Ct.

3. The Board refers to the notices to attend that were served upon them as "subpoenas."

599, 582 A.2d 1106 (1990); *cf. Ryan v. Johnson*, 522 Pa. 555, 564 A.2d 1237 (1989). Therefore, we will not consider this issue on appeal.

■ As to the third issue, the Board argues that the trial court erred in finally disposing of the case because the trial court failed to consider the Board's pending petition to strike the zoning appeal. The trial court, in its opinion, explained this issue as follows:

> It should first be noted that [Appellees'] zoning appeal had been granted previously (with the concurrance [sic] of [the Board]) by the Court en banc on February 6, 1991.... This Court issued its decision on the attorney fees petition on January 2, 1992, unaware that on December 11, 1991 (ten months after [the Board] agreed to have the zoning appeal granted), [the Board] had moved to strike the entire zoning appeal [because an incorrect name] was used by [Appellees]. Apparently [the Board] took the petition to the Court Administrator's Office for new assignment without indicating the action was pending before the undersigned judge and without delivering a courtesy copy of same. The matter was routed through Motions Court in accordance with common local practice.
>
> However, had this Court have [sic] been aware of the filing it would not have precluded the January 2, 1992 decision. As noted in the February 6, 1991 en banc decision granting the underlying zoning appeal, [the Board] stipulated that the Okonieskis' appeal should be granted. This action waived any problem with the filing.

Trial Court Opinion at 1, 2.

■ We agree with the trial court that the Board's claim that an improper party had been named was waived when the Board concurred in the trial court's February 6, 1991 order to grant Appellees' zoning appeal. *Department of Transportation v. Brown*, 133 Pa.Commonwealth Ct. 156, 576 A.2d 75 (1990), and *Tyler v. King*, 344 Pa.Superior Ct. 78, 496 A.2d 16 (1985) (under Pennsylvania law, parties may stipulate and be bound thereby). Furthermore, the Board's claim that the Board was an improper party to the lawsuit is without merit

because a township's board of supervisors is a proper party to a lawsuit.[4] *See McIntyre v. Board of Supervisors of Shohola Township,* 150 Pa.Commonwealth Ct. 15, 614 A.2d 335 (1992), *Perin; Summit Township Taxpayers Association v. Summit Township Board of Supervisors,* 49 Pa.Commonwealth Ct. 459, 411 A.2d 1263 (1980).

For the above reasons, the Board was not prejudiced by the trial court's failure to address the Board's motion to strike in its January 2, 1992 order, and therefore, the trial court's failure constituted harmless error. *Cosner v. United Penn Bank,* 358 Pa.Superior Ct. 484, 517 A.2d 1337 (1986) (failure of trial court to rule on defendant's motion to dismiss certain plaintiffs from action was harmless error and did not require reversal because defendant was not prejudiced).

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, January 20, 1993, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.

---

4. The Board claimed that the zoning appeal should be stricken because only the political subdivision of Lower Paxton could be named as a party, and not the Board, itself.