**Sharff v. Humphrey's Pest Control Co., Inc.**

*Carlton G. Goodnow,* for plaintiffs.

*Robert A. Selig,* for defendant Humphrey's Pest Control Co. and John Doe Exterminator.

*Michael F. Reilly,* for defendant Positive Formulators, Inc.

*Kevin J. O'Brien,* for defendant PMC Corp.

LOWE, *J.,* October 1, 1993—This is an appeal to the Superior Court of Pennsylvania from this court's order dated August 6, 1993 granting the motions for summary judgment of defendants Humphrey's Pest Control Co., Inc. and John Doe Exterminator.

The legally significant facts of this case are as follows. On August 19, 1991, Harry, Ann, and Linda Sharff filed their complaint alleging they suffered personal injuries resulting from insecticides used in their home March 5, 1990. After full discovery, the defendants on February 17, 1993 moved for summary judgment and filed a brief in support of that motion. Plaintiffs filed an answer on March 17, 1993, and a memorandum of law in opposition to the motion on June 8, 1993. This court heard argument on August 6, 1993, the same day the plaintiffs filed a supplemental memorandum of law. This court granted the defendants' motion for summary judgment. The plaintiffs filed a notice of appeal on August 31, 1993 which was the same day the court ordered the plaintiffs, now appellants, to file a concise statement of matters complained of on appeal (hereinafter concise statement) within 14 days pursuant to Pa.R.A.P. 1925(b). The text of this rule is as follows:

"The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than

14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of."

As of the date of this opinion, the appellants have made no response to this court's order. Fourteen days and more have passed since the deadline set by the order of August 31, 1993 without the appellants requesting a deadline extension or a clarification of this court's rationale for granting defendants' motion, or in any other way contacting this court.

The law applicable to this case is as follows. Where an appellant has not filed a concise statement by the deadline set by an order issued pursuant to Pa.R.A.P. 1925(b), the Superior Court has discretion to hold that the appellant has waived the right of appeal. *Commonwealth v. Atwood,* 378 Pa. Super. 21, 28, 547 A.2d 1257, 1260 (1988). The deadline provision of the rule is strictly enforced such that even where an appellant files a concise statement, separate issues not raised by the deadline are waived. *Gilmore v. Dondero,* 399 Pa. Super. 599, 582 A.2d 1106 (1990); *Lower Paxton Township, Board of Supervisors v. Okonieski,* 153 Pa. Commw. 36, 620 A.2d 602 (1993). Finding such a waiver gives force to one of the essential purposes of Pa.R.A.P. 1925(b), which is to provide the trial court with a statement adequately specific to permit the trial court to address the issues on appeal, correct its own errors, if any, and prepare an opinion. *Gilmore v. Dondero, supra; Ryan v. Johnson,* 522 Pa. 555, 560-61, 564 A.2d 1237, 1239 (1989). The stimulus of waiver relieves the trial court of the burdensome, inefficient, and awkward task of identifying and articulating all possible points of error unarticulated

by the appellant, preserves the neutral role of the trial court, and rightly burdens the appellant with the role of advocate.

In the instant case, the appellants failed to file a concise statement by the 14-day deadline and, moreover, have failed to file a concise statement by the date of this opinion. In light of appellants' unexcused failure to comply with this court's order, the Superior Court should exercise its discretion under Pa.R.A.P. 1925(b) to hold that the appellants have waived their right of appeal.

The instant case is distinguishable from *Ryan, supra,* wherein the appellant's failure to comply with Pa.R.A.P. 1925(b) was not a waiver. In *Ryan* the Superior Court had dismissed the appeal because the appellants failed to comply with Pa.R.A.P. 1925(b) when they filed an initial concise statement that was "too lacking in clarity and specificity." The Supreme Court in reversing the Superior Court and reinstating the appeal considered it significant that the appellants had, in fact, actually filed a concise statement setting forth the issues for appeal, however imprecisely. The Supreme Court also considered it significant that "upon receipt of the [trial] court's opinion recommending that the Superior Court dismiss the appeal, appellant promptly submitted a more detailed statement in an effort to satisfy the court." *Id.* at 559, 564 A.2d at 1238. It was largely the timely and responsive acts of the appellant indicating the intent to exercise the right of appeal that supported the outcome of *Ryan.*

While the appellant in *Ryan* complied substantially with Pa.R.A.P. 1925(b), in the instant case the appellants complied with neither the letter nor the spirit of the rule. As set out above, the appellants have made no timely filing and made no attempt to satisfy this court.

*Ryan* is also distinguishable in that therein the appellant sought to appeal from an order denying a petition to strike/open judgment. There was nothing in the record from which the appellant could know the trial court's rationale. The Supreme Court explained that "[t]he mere fact that relief has been denied upon a petition to strike/open judgment does not disclose the court's views on the individual issues." *Id.* at 560, 564 A.2d at 1239. This tended to make it unjust for the Superior Court to have dismissed the appeal where appellant's concise statement was necessarily too lacking in clarity and specificity.

If there had been an indication in the record of the trial court's rationale, then the duty of the court under Pa.R.A.P. 1925(a) would have been satisfied and the Superior Court's dismissal of appellant's appeal would likely have been appropriate.

Unlike the court order appealed from in *Ryan,* here the appellants appeal from a grant of defendant's motion for summary judgment. Such a grant necessarily implies this court's view that between the parties the "facts are undisputed and only one conclusion may reasonably be drawn from them." *Askew by Askew v. Zeller,* 361 Pa. Super. 35, 42, 521 A.2d 459, 463 (1987). It should be noted that appellants had the benefit of the defendants' motion and brief in support of that motion as well as their own answer, memorandum in opposition, and supplemental memorandum in opposition in determining the reason for this court's order.

For the foregoing reasons, the appeal should be dismissed.