J-S76016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID STEPHEN SULLIVAN | |
| Appellant | No. 687 WDA 2014 |

Appeal from the PCRA Order March 12, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002944-2005

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 5, 2015**

Appellant, David Stephen Sullivan, appeals from the order entered March 12, 2014, in the Court of Common Pleas of Allegheny County, which dismissed his PCRA[1] petition without a hearing.  After review, we affirm in part, vacate in part, and remand for further proceedings.

Following a jury trial, Sullivan was convicted of involuntary deviate sexual intercourse with a child, two counts of indecent assault, endangering the welfare of children, corruption of a minor and terroristic threats, arising out the of repeated sexual abuse of his minor stepdaughter.  Judgment of sentence was imposed on January 18, 2007.  On appeal, this Court affirmed Sullivan's judgment of sentence, and the Pennsylvania Supreme Court

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

denied allocatur. *See Commonwealth v. Sullivan*, 853 WDA 2007 (Pa. Super., filed Oct. 27, 2009) (mem. op.), *appeal denied*, 8 A.3d 345 (Pa. 2010).

On December 21, 2011, Sullivan filed a timely PCRA petition. Counsel later filed an amended petition. On August 29, 2012, the PCRA court entered notice of its intent to dismiss Sullivan's petition. In response thereto, Sullivan filed a motion to file an amended petition, which the PCRA court granted. An amended petition was filed, and the PCRA court again issued notice of intent to dismiss the petition on April 16, 2013. The PCRA ultimately dismissed Sullivan's petition and this timely appeal followed.[2]

On appeal, Sullivan raises the following issues for our review:

I.    Did the lower court err and abuse its discretion when it denied Mr. Sullivan's amended motion for post-conviction relief without a hearing, through a fill-in-the-blanks form order, where his petition included specific claims that he was denied effective assistance of counsel when trial counsel failed to present an exculpatory witness supported by certifications and appropriate legal authority, solely because trial counsel believed the lower court would be upset with him given the witness'[s] age.

II.   Did the lower court err and abuse its discretion where it held Mr. Sullivan's petition was defective because the attached certifications, filed pursuant to *Commonwealth v. Brown*, 767 A.2d 576 (Pa. Super. 2001), were not affidavits despite there being nothing in statute or rule requiring affidavits to support Mr. Sullivan's petition.

_____

[2] On March 14, 2014, Sullivan's current PCRA counsel entered his appearance. Sullivan's prior PCRA counsel was permitted to withdraw representation in this matter.

- 2 -

III.    Did the lower court err and abuse its discretion where it incorrectly concluded that the testimony from an exculpatory witness, who was never called by trial counsel out of fear that to do so would upset the court, was not more than cumulative when the record plainly demonstrates that the proffered testimony would directly say the victim lied about the allegations of abuse because she was mad at her father.

IV.    Did the lower court err and abuse its discretion when it dismissed, without a hearing, Mr. Sullivan's newly-discovered evidence claim as abandoned on appeal where its order dismissing the petition was silent as to its reasons, was nothing more than a fill-in the-blanks form order and as a result, Mr. Sullivan reserved the right to address further issues pursuant to **Ryan v. Johnson**, 564 A.2d 1237 (Pa. 1989), and where Mr. Sullivan's petition plainly argued newly-discovered evidence as an alternative theory of relief.

V.    Did the lower court err and abuse its discretion in dismissing without a hearing, through a fill-in-the-blanks form order, Mr. Sullivan's claim that his sentence was illegal as "patently frivolous and without support on the record."

Appellant's Brief at 9-10.[3]

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Barndt**, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citation and internal quotation marks omitted). "The PCRA court's findings

---

[3] We find it wholly unnecessary to remind this Court *three times* of counsel's belief that the order denying PCRA relief was a "fill-in-the-blanks form order." Nothing in our Rules of Criminal or Appellate Procedure prohibits the use of form orders.

will not be disturbed unless there is no support for the findings in the certified record." *Id*. (citation omitted). The PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations. *See Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013).

Sullivan devotes much of his appeal to the argument that the PCRA court erred when it dismissed his petition without a hearing, as trial counsel was ineffective for failing to call an exculpatory witness. We note that the right to an evidentiary hearing on a PCRA petition is not absolute:

> It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted).

To establish ineffectiveness of counsel, "a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." *Commonwealth v. Jones*, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citation omitted), *appeal denied*, 84 A.3d 1062 (Pa. 2014). "Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of

the proceedings would have been different." *Id*. If a reasonable basis exists for the particular course chosen by counsel, the inquiry ends and counsel's performance is deemed constitutionally effective. ***Commonwealth v. Lauro***, 819 A.2d 100, 106 (Pa. Super. 2003) (citations omitted). Failure to satisfy any prong of the test requires that the claim be dismissed. ***See Commonwealth v. O'Bidos***, 849 A.2d 243, 249 (Pa. Super. 2004).

Trial counsel will not be deemed ineffective for failing to call a witness to testify unless it is demonstrated that:

> (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

***Commonwealth v. Brown***, 18 A.3d 1147, 1160-1161 (Pa. Super. 2011) (citation omitted).

Sullivan argues that trial counsel was ineffective for failing to present D.S., his biological son[4] and the victim's brother, as an exculpatory witness. Sullivan averred in his petition that counsel knew of and spoke to D.S. and that the witness was available and willing to testify that the victim told him on two separate occasions that she deliberately and intentionally lied about

---

[4] D.S. was ten years old at the time of trial.

the abuse allegations. *See* Amended PCRA Petition, 1/9/13 at 6-7 and attached certifications.

Preliminarily, we note that to the extent the PCRA court dismissed Sullivan's petition based upon his failure to file supporting affidavits in support of his ineffective assistance of counsel claim, this decision was in error. The PCRA court relied upon this Court's decision in ***Commonwealth v. Khalil***, 806 A.2d 415, 422 (Pa. Super. 2002), for the proposition that "ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witness including availability and willingness to cooperate with the defense." ***Id***. Noting that Sullivan attached "certifications" rather than affidavits in support of his claim, the PCRA court dismissed Sullivan's ineffectiveness claim outright. *See* PCRA Court Opinion, 7/23/14 at 3.

Approximately two months after the PCRA court filed its Rule 1925(a) opinion, this Court sitting *en banc* expressly held that certifications are sufficient under the PCRA and the Rules of Criminal Procedure and that affidavits are not required to secure an evidentiary hearing on ineffectiveness for failure to call a witness. ***See Commonwealth v. Pander***, 100 A.3d 626, 640-642 (Pa. Super. 2014) (*en banc*). Based upon this Court's decision in ***Pander***, we find Sullivan's reliance upon certifications was not fatal to his ineffectiveness claim.

Alternatively, the PCRA court determined that Sullivan could not establish that he was prejudiced by trial counsel's failure to call D.S. as a

witness. Specifically, the PCRA court determined that D.S.'s testimony would essentially have been cumulative of several other witnesses "who all testified at trial that they witnessed no inappropriate conduct between [Sullivan and the victim], and also the testimony of [the victim's] grandmother, … who blatantly called [the victim] a liar[.]" PCRA Court Opinion, 7/23/14 at 4. The court concluded that "[w]ith nothing new to offer, there is no reasonable basis to conclude that [D.S.'s] testimony would have resulted in a different verdict." *Id*. at 5.

We find the PCRA court's determination that Sullivan did not suffer prejudice as a result of counsel's failure to call D.S. as a witness to have been premature. Rather, we find it necessary to remand this matter for an evidentiary hearing to first determine whether counsel had a reasonable basis for not calling D.S. as a witness. *See Commonwealth v. Williams*, 899 A.2d 1060, 1065 (Pa. 2006) (where question of whether counsel had a reasonable basis for chosen action is not readily apparent from the record, remand for evidentiary hearing is appropriate). The PCRA court should then make findings of fact with respect to the reasonable basis of counsel's decision not to call D.S. as a witness. If counsel's decision lacked a reasonable basis, the PCRA court shall then determine whether counsel's omission prejudiced Sullivan. *See Commonwealth v. Green*, 981 A.2d 1283 (Pa. 2009) (Superior Court inappropriately presumed counsel had no reasonable basis for seeking reconsideration of petitioner's sentence and in assuming petitioner suffered prejudice therefrom).

Finally, we note that Sullivan's remaining two claims are without merit. Sullivan's claim that D.S.'s exculpatory testimony somehow constitutes after-discovered evidence is directly at odds with his claim that trial counsel was aware of D.S.'s existence and that D.S. was ready and willing to testify at trial. We need not address this claim further.

We likewise find no merit to Sullivan's argument that the sentence imposed by the trial court on the charge of Involuntary Deviate Sexual Intercourse with a Child (IDSI), 18 Pa.C.S. § 3123(a)(6),[5] constitutes a violation of the *ex post facto* prohibition in the United States and Pennsylvania Constitutions.[6] The *ex post facto* prohibition is violated when it:

> (1) makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; (2) aggravates a crime, or makes it greater than it was when committed; (3) changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed; or (4) alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of the commission of the offense in order to convict the offender.

---

[5] Section 3123(a)(6) has since been deleted, and the crime of Involuntary Sexual Intercourse with a Child is now codified at section 3123(b).

[6] The *ex post facto* prohibition in the Pennsylvania Constitution is "virtually identical" to that contained in the U.S. Constitution, and analysis under the latter disposes of claims under the former. **See Commonwealth v. Allshouse**, 36 A.3d 163, 184 (Pa. 2012).

*Commonwealth v. Allshouse*, 36 A.3d 163, 184 (Pa. 2012) (citations omitted).

The criminal information in this matter charged that the sexual assaults occurred between January 1, 2002, and December, 2004. Effective February 14, 2003, the legislature amended 18 Pa.C.S. § 3123(a)(6) to increase the maximum penalty for this crime from not more than twenty years of incarceration to not more than forty years of incarceration. *See* 2002 Pa. Legis. Serv. Act 2002-162 (H.B. 976) (Purdon's). Sullivan maintains that the trial court's sentence of 18 to 36 years of incarceration for IDSI was illegal because the information included allegations that the sexual assaults occurred both before and after the effective date of the amendment.[7] Sullivan thus argues that the trial court should have sentenced him to the lesser punishment for IDSI in place prior to the February 14, 2003, amendment.

The PCRA court rejected Sullivan's argument on the basis that the victim's testimony at trial established that the sexual abuse did not occur until after Sullivan divorced her mother in the fall of 2003 and when the victim moved in with Sullivan and his mother. *See* PCRA Court Opinion, 7/23/14 at 5-7 (citing N.T., Trial, Oct. 24-26, 2006, Vol. I at 134). Our

---

[7] Sullivan actually argues that the Commonwealth unlawfully applied ex post facto a statute that did not exist until after February 14, 2003. Of course, the statute in question existed prior to February 14, 2003 – the legislature merely amended it effective on that date.

review of the record confirms the PCRA court's conclusion that the sexual abuse did not occur until the fall of 2003—well after the effective date of the legislature's amendment to the penalty under section 3123(a)(6). Therefore, the trial court's sentence under the new sentencing guideline with a maximum of 40 years of incarceration did not constitute an *ex post facto* sentence.

Order affirmed in part and vacated in part. Case remanded for an evidentiary hearing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015