## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monroe Township,                  :
           Appellant         :
                        :
     v.                 :
                        :
Eric Sollenberger,          :
Courtney Sollenberger, and  :   No. 1434 C.D. 2019
1181 Creekside Manor      :   Submitted: May 11, 2020

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: June 2, 2020

       Monroe Township (Township) appeals from the October 1, 2019 order of the Court of Common Pleas of Cumberland County (trial court) denying its motion for a preliminary injunction. Upon review, we reverse and remand.

       The underlying facts of this case are not in dispute. Eric and Courtney Sollenberger (the Sollenbergers), husband and wife, are the record owners of a parcel of real property identified as 1181 York Road, Mechanicsburg, Pennsylvania. Complaint ¶2; Reproduced Record (R.R.) at 3a. The Sollenbergers' property is located within the Agricultural Zone as defined in the Township's Zoning Ordinance. Complaint ¶4; R.R. at 4a. The Sollenbergers have operated, and continue to operate, a wedding and event venue at their property by the name of 1181 Creekside Manor. Complaint ¶5; R.R. at 4a. The Sollenbergers advertise their event

venue 1181 Creekside Manor on their own website, 1181creeksidemanor.com, as well as on various wedding marketing websites and other forms of social media. Complaint ¶7; R.R. at 4a. The Sollenbergers have held several weddings/events at their property since late 2018. Complaint ¶8; R.R. at 4a.

Section 201.2 of the Township's Zoning Ordinance provides permitted uses for properties located in the Township's Agricultural Zone, while Section 201.4 provides conditional uses for such properties in this zone.[1] Complaint ¶11; R.R. at 4a. Neither of these Sections, however, provide for the use of a property as a wedding/event venue; nor is such use specifically prohibited in an Agricultural Zone. Complaint ¶12; R.R. at 5a. In cases such as this, where the use is neither specifically permitted nor prohibited, Section 107 of the Zoning Ordinance provides the appropriate procedure to be followed, stating that "an application is made by an applicant to the Zoning Officer for such use, [and] the Zoning Officer shall refer the application to the Board of Supervisors to hear and decide such request as a conditional use."[2] Complaint ¶13; R.R. at 5a. The Sollenbergers commenced use

---

[1] Monroe Township, Cumberland County, Pennsylvania, Monroe Township Zoning Ordinance of 2014 art. 2, §§ 201.2, 201.4 (2015) (Zoning Ordinance), at 36-42.

[2] Section 107, entitled "Uses Not Provided For," states:

> Whenever, under this Ordinance, a use is neither specifically permitted nor denied, and an application is made by an applicant to the Zoning Officer for such use, the Zoning Officer shall refer the application to the Board of Supervisors to hear and decide such request as a conditional use. The Board of Supervisors shall have the authority to permit the use or deny the use in accordance with the standards governing conditional use applications. The use may be permitted if it is similar to and compatible with the permitted uses in the zone in which the subject property is located, is not permitted in any other zone under the terms of this Ordinance, and in no way is in conflict with the general purposes and intent of this Ordinance. The burden of proof shall be upon the applicant to demonstrate that

of their property as a wedding/event venue prior to filing an application for a conditional use with the Township in accordance with the procedures established by Section 107 of the Zoning Ordinance.  Complaint ¶14; R.R. at 5a.

Following complaints from neighbors regarding vehicle traffic and parking during these weddings/events, on November 6, 2018, the Township's Zoning Officer informed the Sollenbergers via letter that the Township had received reports that they were using their property as a wedding venue and that an investigation had been commenced for possible violations of the Zoning Ordinance.[3] Complaint ¶16; R.R. at 5a.  By certified letter dated January 22, 2019, the Zoning Officer advised the Sollenbergers that the operation of a wedding venue on the property was in violation of the Zoning Ordinance and required conditional use approval.[4]  Complaint ¶17; R.R. at 5a-6a.

Subsequent to their receipt of the certified letter, the Sollenbergers continued to operate the property as a wedding and event venue.  Complaint ¶18; R.R. at 6a.  The Township averred that additional weddings/events were held on the property on several weekends throughout May and June of 2019.  Complaint ¶19;

---

the proposed use meets the foregoing criteria and would not be detrimental to the public health, safety and welfare of the neighborhood. For the purposes of this section, a specifically denied use shall be considered a use that is not a permitted use in the zone in question, but is a permitted use in another zoning district.

Zoning Ordinance art. 1, § 107, at 2.

[3] The Complaint actually sets forth the date of the letter as November 16, 2018.  However, a copy of the letter was attached to the Complaint as Exhibit B and it reflects a date of November 6, 2018.  R.R. at 13a.

[4] A copy of the Zoning Officer's certified letter to the Sollenbergers was attached as Exhibit C to the Complaint.  R.R. at 14a.

R.R. at 6a. On June 7, 2019, the Township's Zoning Officer issued the Sollenbergers a non-traffic citation for violation of Section 107 of the Zoning Ordinance by "operat[ing] a commercial wedding venue without conditional use approval."[5] Complaint ¶20; R.R. at 6a. On June 25, 2019, the Zoning Officer issued the Sollenbergers two additional non-traffic citations alleging the same violation with respect to weddings that occurred on the property on June 15 and 22, 2019.[6] Complaint ¶21; R.R. at 6a.

Pursuant to Section 700.4 of the Zoning Ordinance,[7] the maximum penalty that could be assessed for a violation of the Zoning Ordinance was $500.00. Complaint ¶22; R.R. at 6a. According to the wedding venue pricing guide on the 1181 Creekside Manor website, the Sollenbergers charge between $5,000.00 and $8,000.00 for the available wedding packages held on their property.[8] Complaint ¶23; R.R. at 6a. Believing that the maximum penalty of $500.00 per violation of the Township's Zoning Ordinance would not dissuade the Sollenbergers from continuing to utilize their property as wedding/event venue, Complaint ¶24, the Township filed a complaint with the trial court on July 17, 2019, seeking to enjoin such use by the Sollenbergers. Complaint, Wherefore Clause; R.R. at 7a.

The Township also simultaneously filed a "Motion for Preliminary and Permanent Injunction" (Motion). (R.R. at 21a-25a.) In this Motion, the Township

---

[5] A copy of this citation was attached to the Complaint as Exhibit D. R.R. at 16a.

[6] Copies of these citations were attached to the Complaint as Exhibits E and F, respectively. R.R. at 17a.

[7] Zoning Ordinance art. 7, § 700.4, at 209.

[8] A copy of the 2019/2020 pricing guide for 1181 Creekside Manor was attached to the Complaint as Exhibit G. R.R. at 18a.

alleged that the Sollenbergers' failure to obtain a conditional use permit as required by the Zoning Ordinance constitutes a *per se* violation entitling the Township to a preliminary injunction enjoining the Sollenbergers' continued violations of the same. Motion ¶14; R.R. at 23a. The Township relied on Section 617 of the Pennsylvania Municipalities Planning Code (MPC),[9] as well as *Township of Middle Smithfield v. Kessler*, 882 A.2d 17 (Pa. Cmwlth. 2005), and *Township of Little Britain v. Lancaster County Turf Products, Inc.*, 604 A.2d 1225 (Pa. Cmwlth. 1992), for support. *Id.* The Township also averred that injunctive relief was necessary to prevent immediate and irreparable harm as it believed that the Sollenbergers had booked numerous weddings at their property in the upcoming months and there was no other method to abate such continued use of the property in violation of the Zoning Ordinance. Motion ¶15; R.R. at 23a-24a.

Additionally, the Township alleged that greater injury would occur from refusing injunctive relief than by granting it because neighbors of the property and the community at large will be exposed to increased traffic and parking issues, as well as noise, should the weddings/events continue to be held. Motion ¶16; R.R. at 24a. Further, the Township alleged that the injunction would restore the status quo and was suited specifically to abate the Sollenbergers' use of their property in violation of the Zoning Ordinance. Motion ¶¶16, 17; R.R. at 24a. On these bases, the Township sought a preliminary injunction enjoining the Sollenbergers from operating their property as a wedding/event venue until such time that a full hearing could be held with respect to its request for a permanent injunction. Motion, Wherefore Clause; R.R. at 24a. On August 11, 2019, the trial court issued a rule to

---

[9] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10617. Section 617 of the MPC permits a municipality to institute an action to prevent or restrain any use constituting a violation of an ordinance.

5

show cause to the Sollenbergers as to why the Township's requested relief should not be granted. R.R. at 47a.

On August 30, 2019, the Sollenbergers filed a "Response . . . to [Township's] Motion for Preliminary and Permanent Injunction" (Response), admitting to the allegations set forth in the Township's Motion with respect to the use of their property as a wedding/event venue.[10] Response ¶¶2-8; R.R. at 54a-55a. The Sollenbergers, however, specifically denied that "injunctive relief [was] necessary to prevent immediate and irreparable harm which has occurred or will occur by virtue of [the Sollenbergers] using their property as a wedding venue" as the Township could "neither demonstrate nor illustrate any such immediate irreparable harm." Response ¶15; R.R. at 56a. The Sollenbergers stated that "[t]he [T]ownship code and/or ordinances set forth the penalties for improper land use, in this case use without a Special or Conditional Permit, which consists of fines. [The Sollenbergers] have agreed to pay multiple fines until their request for a Special or Conditional Use Permit is heard." *Id.* The Sollenbergers denied that greater injury would occur by refusing injunctive relief, noting the lack of evidence of traffic/parking or noise issues. Response ¶16; R.R. at 56a. The Sollenbergers also denied that any events other than weddings were being held at the property. *Id.*

---

[10] At the same time, the Sollenbergers filed a response to the Township's Complaint, admitting to the allegations therein regarding the use of their property as a wedding venue prior to obtaining a conditional use permit. *See* R.R. at 68a-69a. The Sollenbergers alleged that there were no traffic/parking issues related to the use of their property. *Id.* at 69a. The Sollenbergers also averred that the Township's Zoning Officer had advised them that they would only be warned regarding the continued use of their property as a wedding venue while their application for a conditional use was pending. *Id.* The Sollenbergers raised new matter in this response that was identical to the new matter raised in response to the Township's Motion, which is discussed below. *Id.* at 70a-72a.

In new matter, the Sollenbergers contended that the Township was limited to the relief permitted under Section 616.1(a) of the MPC,[11] namely a civil enforcement action, and that it lacked authority to bring an equitable claim such as a request for preliminary injunctive relief. Response, New Matter ¶2; R.R. at 58a. The Sollenbergers also alleged that the Township should be estopped from bringing an action because they were in regular contact with the Township's Zoning Officer, who was assisting them with filing the necessary conditional use application and had agreed to their payment of penalties for continued use of their property as a wedding venue while such application was pending. Response, New Matter ¶¶5-6; R.R. at 58a-59a. The Sollenbergers further averred that the Township suffered no harm as a result of them hosting weddings on their property.[12] Response, New Matter ¶8; R.R. at 59a.

The Township filed a response to the new matter on September 13, 2019.[13] *See* R.R. at 85a-89a. The Township alleged that nothing in the MPC prevents it from seeking injunctive relief for a violation of its Zoning Ordinance and noted that it had complied with Section 616.1(a) of the MPC by sending an enforcement notice to the Sollenbergers via certified letter dated January 22, 2019. Township's Response to New Matter ¶¶1, 2; R.R. at 85a-86a. As to the Sollenbergers' discussions with the Township's Zoning Officer, the Township

---

[11] Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10616.1(a). The Sollenbergers mistakenly refer to this section as former Section 616 of the MPC, 53 P.S. §10616, which was repealed by the same Act that added Section 616.1.

[12] The Sollenbergers also raised constitutional issues in their new matter and alleged that the Township's claims were barred by the Doctrines of Consent, Legality, Justification, Laches, and Payment. Response, New Matter ¶¶4, 7, 9-13; R.R. at 58a-59a.

[13] The Township filed an identical response to the new matter included in the Sollenbergers' response to its Complaint. *See* R.R. at 78a-81a.

asserted that the Sollenbergers conflated the filing of a conditional use application with its approval, leading to an absurd conclusion that property owners could utilize their property in contravention of a municipal zoning ordinance so long as they file the required application. Township's Response to New Matter ¶5; R.R. at 87a. Additionally, the Township asserted that to the extent the discussions with the Zoning Officer led the Sollenbergers to believe that the use of their property was proper, they could not "merely rely on the word of the Zoning Officer to acquire the right to utilize their property a certain way." *Id.*

The Township specifically denied that the Zoning Officer advised the Sollenbergers that their conditional use application would be approved. Township's Response to New Matter ¶6; R.R. at 87a. The Township stated that an injunction was "precisely the type of remedy required in order to prevent [the Sollenbergers] from utilizing their property in violation of the Zoning Ordinance and without conditional use approval." Township's Response to New Matter ¶7; R.R. at 88a. Further, the Township indicated that it had indeed received complaints from neighbors regarding traffic/parking issues stemming from the use of the property as a wedding venue. Township's Response to New Matter ¶8; R.R. at 88a.

By order dated October 1, 2019, the trial court denied the Township's Motion and proceeded to schedule a hearing for January 24, 2020, with respect to the Township's request for a permanent injunction. R.R. at 93a. The Township filed a notice of appeal with the trial court. R.R. at 94a. By order dated October 14, 2019, the trial court directed the Township to file a concise statement of errors complained of on appeal within 21 days in accordance with Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(b). R.R. at 102a. This order cautioned that any issues not properly included in the 1925(b) statement "shall be deemed **WAIVED**." *Id.*

8

(emphasis in original). The Township filed its concise statement on October 24, 2019, alleging the following errors:

> 1. Respectfully, the Trial Court committed an error of law and/or abused its discretion when it issued the Order of Court dated October 1, 2019, denying Appellant Monroe Township's Motion for Preliminary Injunction.
>
> 2. Appellant intends to complain on appeal of all issues raised in the pleadings.
>
> 3. Appellant cannot be more specific without an opinion of the Court addressing those issues, and reserves the right to file additional reasons after receiving the Opinion of the Court pursuant to Pa.[]R.A.P. 1925(a).
>
> 4. Appellant has no knowledge of the basis for the Order of Court until review of the Opinion in support thereof. *See Ryan v. Johnson*, 564 A.2d 1237 (Pa. 1989) (". . . unless one knows the basis for a court's order, there is no way to specifically challenge its rationale.").

R.R. at 103a-04a.

On December 12, 2019, the trial court issued a statement in lieu of an opinion (Statement) under Pa.R.A.P. 1925(a). *See* R.R. at 107a-12a. The trial court described the Township's 1925(b) statement as "overbroad, designed to elude review, [and] unresponsive to the Order" and declared that "the issues should be deemed waived." Statement at 3; R.R. at 109a. The Statement proceeded to recite the elements necessary to obtain the "extraordinary remedy of [a] preliminary injunction." *Id.* The Statement concluded as follows:

> Initially, [the] Township's pleadings do not include the business prohibitive zoning ordinance; moreover, what is plead [sic] does not show that the moving party's right to relief is clear, and does not show any need for unusual haste. Section 617 of the [MPC] prevents [the Sollenbergers] from further engaging in activities that

9

violate Township's zoning ordinances. 53 P.S. § 10617. However, Township would have to show that there was a violation of a specific provision of the [Z]oning [O]rdinance. In this case, while an ordinance is alleged and citations may have been filed, the specific [Z]oning [O]rdinance has not been provided in the record upon which to base a preliminary injunction. The request made is akin to having a preliminary injunction based on a civil contract that has not been made part of the pleadings. No preliminary injunction could be supported on these pleadings.

Furthermore, the record fails to establish an immediate and irreparable harm that is not compensable by monetary damages; nor an urgent necessity that required a temporary preliminary injunction, without a hearing, to prevent [the Sollenbergers] from conducting a business on their premises. The October 1, 2019 Order specifically noted that Township retained the authority to enforce its remedy - civil citations with fines, costs and legal fees. Township may indeed be entitled to a permanent injunction prohibiting the continued operation of a business if that business activity violates a zoning ordinance; however, that is not a mandate to the court for the issuance of a preliminary injunction as suggested in the initial Motion.

Statement at 4-6; R.R. at 110a-12a.

On appeal to this Court,[14] the Township argues that the trial court abused its discretion by applying an incorrect standard to its request for a preliminary

---

[14] Appellate review of a preliminary injunction is "highly deferential" and is limited to determining whether the trial court abused its discretion. *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003). As our Supreme Court explained in *Summit Towne Centre, Inc.*:

> [W]e recognize that on appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that

injunction, by holding that its failure to attach the Zoning Ordinance was fatal to its Motion, and by concluding that the Township's Pa.R.A.P. 1925(b) concise statement serves to waive all issues on appeal. We agree with each of these arguments by the Township.

## Preliminary Injunction Standard

The trial court correctly noted in its Statement that, generally, a preliminary injunction will be granted only where a moving party establishes the following elements:

> (1) the relief is necessary to prevent immediate and irreparable harm which cannot be compensated by damages; (2) greater injury will occur from denying the injunction than from granting it; (3) the injunction will restore the parties to the status quo as it existed prior to the alleged wrongful conduct; (4) the alleged wrongful conduct is manifest; and (5) the moving party's right to relief is clear.

Statement at 3 (citing *Anglo-Am. Ins. Co. v. Molin*, 670 A.2d 194, 196 (Pa. Cmwlth. 1995)). The trial court also correctly noted that a preliminary injunction is an "extraordinary remedy" and in cases where it is "issued without notice and prior to a hearing . . . [and] should only be granted 'when there exists a need for unusual haste so that a clear right may be protected from immediate and irreparable harm.'" Statement at 4 (citing *Hart v. O'Malley*, 676 A.2d 222, 223 n.1 (Pa. 1996)).

The trial court ignores, however, that a municipality is by law entitled to the grant of a preliminary injunction to enjoin conduct that is a violation of a local

---

the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court].

*Id.* (citations omitted).

11

zoning ordinance. *Twp. of Middle Smithfield*, 882 A.2d at 21 (holding that a township was entitled to an injunction prohibiting the continued operation of a business in violation of the township's zoning ordinance); *see also Twp. of Little Britain*, 604 A.2d at 1228-29 (holding that preliminary injunctive relief is appropriate where a township establishes a *per se* violation of its zoning ordinance and that the common pleas court erred in applying the general criteria for a preliminary injunction rather than relying on the standard of Section 617 of the MPC).

The Sollenbergers contend that any reliance on *Township of Middle Smithfield* is misplaced and overreaching because that case "focused on the authority the Pennsylvania Department of Transportation [DOT] had to permit the operation of a gas station without a permit from the municipality." Sollenbergers' Brief at 11. We cannot agree. While the Sollenbergers are correct that DOT's authority to regulate landowners' driveway locations and roadwork associated with their land development was an issue in *Township of Middle Smithfield*, this Court's analysis first focused on the requirement in the local ordinance that a landowner obtain a certificate of occupancy and use from the township before a business could be opened. This Court stated, relying on Section 617 of the MPC, that the township would be "entitled to an injunction prohibiting the [landowners'] continued operation of their business if that business activity violates the zoning ordinance." *Twp. of Middle Smithfield*, 882 A.2d at 21. Because the landowners had opened their business without obtaining the required certificate of occupancy and use under the local ordinance, this Court concluded that the township was entitled to a preliminary injunction under Section 617.

12

As noted above, Section 617 of the MPC permits a municipality to institute an action to prevent or restrain any use constituting a violation of an ordinance, stating as follows:

> In case any building, structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, the governing body or, with the approval of the governing body, an officer of the municipality, or any aggrieved owner or tenant of real property who shows that his property or person will be substantially affected by the alleged violation, in addition to other remedies, may institute any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation. When any such action is instituted by a landowner or tenant, notice of that action shall be served upon the municipality at least 30 days prior to the time the action is begun by serving a copy of the complaint on the governing body of the municipality. No such action may be maintained until such notice has been given.

53 P.S. §10617.

Similar to the landowners in *Township of Middle Smithfield*, here, the Sollenbergers' continued use of their property as a wedding venue was in violation of the Township's Zoning Ordinance. The Sollenbergers admitted in their respective pleadings that they operated, and continue to operate, a wedding venue on their property; that they advertise their wedding venue on the internet and other social media platforms; and that they commenced the use of their property as a wedding venue prior to filing an application for a conditional use with the Township. Because a wedding venue use was neither specifically permitted nor prohibited in the Agricultural Zone in which the Sollenbergers' property is located, they were

13

required to seek this conditional use approval from the Township in accordance with Section 107 of the Zoning Ordinance.

In essence, the Sollenbergers have admitted that they have operated, and continue to operate, their business in violation of the Township's Zoning Ordinance, thereby entitling the Township to its requested preliminary injunctive relief under Section 617 of the MPC. Similar to the holding in *Township of Little Britain*, the trial court's reliance here on the general criteria for a preliminary injunction rather than the standard of Section 617 of the MPC constituted an abuse of discretion.

## **Failure to Attach the Zoning Ordinance**

The Township next argues that the trial court abused its discretion by holding that its failure to attach the Zoning Ordinance was fatal to its Motion. We agree.

In its Statement, the trial court repeatedly noted the Township's failure to attach a copy of the Zoning Ordinance to its Motion or any other pleadings and relied on such failure as a basis for denying the Township its requested preliminary injunctive relief. In doing so, however, the trial court ignores Section 6107 of the Judicial Code, 42 Pa.C.S. §6107, which permits a court to take judicial notice of municipal ordinances. Section 6107 provides, in relevant part, as follows:

> (a) General rule. -- The ordinances of municipal corporations of this Commonwealth **shall** be judicially noticed.

> (b) Manner of proving ordinances. -- The tribunal may inform itself of such ordinances in such manner as it may deem proper and the tribunal may call upon counsel to aid it in obtaining such information.

14

42 Pa.C.S. §6107 (emphasis added). As the Township notes in its brief to this Court, it referenced the relevant provisions of its Zoning Ordinance throughout its pleadings before the trial court, the Zoning Ordinance is readily available on the Township's website, and the trial court never sought the assistance of counsel in obtaining these provisions or the Zoning Ordinance as a whole. Township's Brief at 16. In light of Section 6107 of the Judicial Code, we must conclude that the trial court abused its discretion insofar as it held that the Township's failure to attach the Zoning Ordinance was fatal to its Motion.

## Waiver

Finally, the Township argues that the trial court abused its discretion by concluding that its Pa.R.A.P. 1925(b) concise statement serves to waive all issues on appeal. Once more, we agree with the Township.

The Township's Motion seeking preliminary injunctive relief recited the general criteria for a preliminary injunction and also relied on the express relief for a *per se* zoning ordinance violation set forth in Section 617 of the MPC and discussed in *Township of Middle Smithfield* and *Township of Little Britain*. The trial court's order dated October 1, 2019, merely stated that "upon consideration of [Township's] Motion and [the Sollenbergers'] Answer, [Township's] Motion for Preliminary Injunction is DENIED." R.R. at 93a. This order from the trial court did not set forth any reason for such denial or otherwise elaborate on the basis for its order. As a result, in its Pa.R.A.P. 1925(b) concise statement, the Township merely indicated that the trial court erred in denying its Motion and stood by its pleadings, noting that it could not be more specific without an opinion from the trial court. Contrary to the trial court's conclusion in its Statement in lieu of a Pa.R.A.P. 1925(a)

15

opinion, the Township's Pa.R.A.P. 1925(b) concise statement was not "overbroad, designed to elude review, [or] unresponsive to the Order [directing the filing of a concise statement]." Statement at 3; R.R. at 109a.

As the Township noted in its Pa.R.A.P. 1925(b) concise statement, our Supreme Court has addressed the situation where an appellant lacks knowledge of the basis for a court's order in *Ryan*. R.R. at 104a. In such situations, the Court in *Ryan* stated,

> When one seeking to appeal has no basis in the record to discern the basis for the order being challenged, Pa.R.A.P. 1925(b) must not be employed as a trap to defeat appellate review, requiring specifically stated challenges to the resolution of issues before there has been any revelation as to how the issues have been resolved.

564 A.2d at 1239; *see also Paluch v. Beard*, 182 A.3d 502, 506-07 (Pa. Cmwlth. 2018) (noting that "courts have held that a vague 1925(b) statement is sometimes necessary when the record lacks the trial court's reasoning, and in such cases, a vague 1925(b) statement will not be grounds for waiver"). In light of the above, the trial court abused its discretion to the extent that it concluded that the Township's Pa.R.A.P. 1925(b) concise statement serves to waive all issues on appeal.

Accordingly, the trial court's order is reversed, and the matter is remanded to the trial court for entry of an appropriate order consistent with this opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

16

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Monroe Township, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Eric Sollenberger, | : | |
| Courtney Sollenberger, and | : | No. 1434 C.D. 2019 |
| 1181 Creekside Manor | : | |

## O R D E R

AND NOW, this 2nd day of June, 2020, the October 1, 2019 order of the Court of Common Pleas of Cumberland County (trial court) is hereby REVERSED. The matter is REMANDED to the trial court for entry of an appropriate order consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge