**George M. HAPCHUK, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 2007.

Decided April 26, 2007.

Publication Ordered July 16, 2007.

Kim Ross Houser, Greensburg, for appellant.

Terrance M. Edwards, Asst. Counsel, Harrisburg, for appellee.

BEFORE: COLINS, Judge, and McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COLINS.

George M. Hapchuk appeals from the May 15, 2006 order of the Court of Common Pleas of Westmoreland County (Trial Court), that denied Hapchuk's appeal from the Pennsylvania Department of Transportation's (DOT's) suspension of vehicle registrations on three of Hapchuk's trucks. Additionally, DOT has filed a motion to quash Hapchuk's appeal for his failure to file a 1925(b) statement on the basis of *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998) and its progeny.

Hapchuk operates a farm in Hempfield Township, as well as a septic tank cleaning service, Hapchuk Sanitation. Hapchuk has a permit from the Pennsylvania Department of Environmental Protection (DEP) allowing him to use human septage as a fertilizer in the operation of his farm. According to the facts of record, Hapchuk's sanitation company charges a fee to residential customers to clean out their septic tank, but does not purchase the contents of the septic tanks from the customers. The fee that Hapchuk's sanitation company charges for said clean-out is lower than that charged by other sanitation companies because Hapchuk does not pay to dispose of the septic tank contents, but instead uses it as fertilizer on his farm.

Hapchuk's sanitation company uses three tank trucks in the course of its septic tank cleaning business that have the logo, "Hapchuk Sanitation," painted on the side. These three tank trucks are titled and registered in Hapchuk's name and were issued farm vehicle plates, restricting their uses to those specified in 75 Pa.C.S.A. § 1344 that provides, in relevant part, as follows:

§ 1344   Use of farm vehicle plates.

(a) General rule.—A truck or truck tractor bearing farm vehicle registration plates shall be used exclusively upon a farm or farms owned or operated by the registrant of the vehicle or upon highways between:

. . . .

(3) Such a farm or farms and a place of business for the purpose of buying or selling agricultural commodities or supplies.

On January 21, 2004, May 26, 2004 and May 28, 2004, a Pennsylvania state trooper stopped the aforementioned tank trucks and issued citations to Hapchuk for each truck, alleging the misuse of farm vehicle registration plates. On July 23, 2004, the Bureau of Motor Vehicles held an administrative hearing regarding the three farm vehicle registration plates at issue in this appeal. After the hearing, DOT, by official notices dated and mailed on April 7, 2005, suspended the vehicle registrations of Hapchuk's three tank trucks bearing plate numbers FM2096B, FM5195A, and FM8664A, pursuant to 75 Pa.C.S.A. § 1373(a)(2).[1]

Hapchuk appealed, and after a hearing on February 21, 2006, the Trial Court denied the appeal upon finding that Hapchuk was not in compliance with 75 Pa.C.S.A. § 1344(a)(3). More specifically in this regard, the Trial Court found that (1) Hapchuk's trucks are not traveling on the highways between Hapchuk's farm and a place of business, but rather travel between his farm and the homes of Hapchuk's residential customers for his septic

tank cleaning service, a factual scenario that does not fall within the plain meaning of 75 Pa.C.S.A. § 1344(a)(3), thereby rendering it inapplicable; (2) Hapchuk is not operating his trucks on the highways for the purpose of buying or selling agricultural commodities, but rather as Hapchuk admits, to transport septage from the septic tanks that he has cleaned, also a situation that does not fall within the plain meaning of the statute, thereby making the latter once again inapplicable to Hapchuk's situation. Based on the foregoing, the Trial Court denied Hapchuk's appeal.

Hapchuk then filed an appeal to this Court. On May 31, 2006, the Trial Court directed Hapchuk to file a statement of the matters complained of on appeal pursuant to Pa. Rule of Appellate Procedure 1925(b). Hapchuk failed to do so.

On appeal, Hapchuk argues that as a farmer, he acquires septage from residential septic tanks, and brings the same septage back to his farm to use for fertilizer, and uses the same vehicle throughout the process. Therefore, it is Hapchuck's position that he is in compliance with 75 Pa. C.S. § 1344.

With regard to his failure to comply with the Trial Court's 1925(b) order, Hapchuk contends that his trial brief, motion for reconsideration, and notice of appeal, all outlined the same issues he would raise on appeal. Additionally, Hapchuk argues that the Trial Court provided no facts, no basis of law and no discussion as to how it arrived at its decision, thereby precluding Hapchuk from preparing a 1925(b) state-

---

1. 75 Pa.C.S.A. § 1373(a)(2) provides in relevant part:

**(a) Suspension after opportunity for hearing.**—The department may suspend any registration after providing opportunity for a hearing in any of the following cases when the department finds upon sufficient evidence that:

. . .

(2) The owner or registrant has made, or permitted to be made, any unlawful use of the vehicle or registration plate or plates, or registration card, or permitted the use by a person not entitled thereto.

ment. In this regard, Hapchuk avers that he had already perfected his appeal prior to the Trial Court's request for a 1925(b) statement and that therefore he satisfied the *purpose* of the Rule, that of ensuring that no surprise or prejudice inures to the Trial Court.

■ Upon review, we find that facts of record support the Trial Court's denial of Hapchuk's appeal. We concur with the Trial Court's conclusion that Hapchuk's sanitation company trucks should not be permitted to have farm plates because their use takes them outside the parameters of 75 Pa.C.S. § 1344. First, the record indicates that Hapchuk's trucks are not used to travel the highways between Hapchuk's farm and his place of business, but to travel between Hapchuk's farm and the homes of his residential customers for his septic tank cleaning business. The record further indicates that Hapchuk's trucks are not being used to buy or sell agricultural commodities, and unarguably, the septage, which Hapchuk does not purchase, and which is transported by his trucks, cannot be deemed by any stretch of the imagination to be an "agricultural commodity." Just because Hapchuk uses his farmland as a dumping site for the septic tank sewage that he pumps from the septic tanks of the residential customers of Hapchuk Sanitation Co., does not make his commercial septic tank cleaning business a farm operation, nor allow him to use farm vehicle registration plates on the three Freightliner tank trucks used in his septic tank cleaning business. These three tank trucks used by Hapchuk Sanitation Co. are not used "exclusively" for farm use as required by 75 Pa.C.S. § 1344 and, thus, are not entitled to be operated with farm vehicle registration plates.

■ Peripherally, we acknowledge and concur with DOT's argument that the Trial Court erred by allowing Hapchuk to file a single statutory appeal from all three motor vehicle registration suspension notices. In this regard, we concur with DOT's reliance upon this Court's decision in *O'Hara v. Department of Transportation, Bureau of Motor Vehicles,* 691 A.2d 1001, 1004 (Pa.Cmwlth.1997), *aff'd,* 551 Pa. 669, 713 A.2d 60 (1998), wherein we quoted:

[A] party may not file a single statutory appeal from multiple suspension notices relating to separate vehicle registrations. We further conclude that the trial court did not err in requiring [the registrant] to file separate statutory appeals from the two suspension notices and in quashing [the registrant's] appeal relating to the registration suspension of [one of the vehicles].

*Brogan v. Department of Transportation, Bureau of Driver Licensing,* 164 Pa. Cmwlth. 559, 643 A.2d 1126, 1128 (1994).

■ Similarly, we concur with DOT's argument that, because Hapchuk failed to file a timely 1925(b) concise statement, as directed by the Trial Court, he has effectively waived all issues on appeal. Although Hapchuk argues that he presented all his appealable issues in his motion for reconsideration and notice of appeal and therefore satisfied the *purpose* of the rule, the necessity of complying with a 1925(b) directive was unequivocally reaffirmed by our Supreme Court in *Commonwealth v. Wholaver,* 588 Pa. 218, 903 A.2d 1178, 1183–84 (2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 1131, 166 L.Ed.2d 900 (2007), when it stated and quoted from *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775, 780 (2005):

Next, we address the question of waiver arising out of Appellant's failure to file a timely statement of matters complained of on appeal as directed by the trial court under Rule of Appellate Procedure 1925(b). Appellant suggests that his claims should not be deemed

waived, since all are fully addressed in the trial court's opinion under Rule of Appellate Procedure 1925(a) and/or other dispositive rulings of the court. Similar arguments, however, were presented and rejected in the recent Castillo and Schofield decisions, where, upon taking the opportunity to reassess the strict waiver rule as announced in Lord, a Court majority indicated as follows:

> [W]e reaffirm the bright-line rule first set forth in Lord that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P.1925. Any issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived."

. . . .

Further, the Court has otherwise indicated that the strict waiver rule should not be "selectively enforced ... based on the arguments of the parties." *Commonwealth v. Butler*, 571 Pa. 441, 446, 812 A.2d 631, 634 (2002).

Accordingly, based on the foregoing discussion, the order of the Trial Court is affirmed.

### *ORDER*

AND NOW, this 26th day of April, 2007, the order of the Court of Common Pleas of Westmoreland County entered in the above-captioned matter on May 15, 2006 is AFFIRMED.