# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James A. Paluch, Jr.,                               :
                    Appellant                      :
                                                   :
              v.                                   :    No. 114 C.D. 2016
                                                   :    Submitted: December 15, 2017
Jeffrey A. Beard, William S.                       :
Stickman III, Gerald L. Rozum,                     :
Steven M. Gates, Allen G. Joseph,                  :
Daniel Gehlmann, Mandy Biser,                      :
Robert Snyder, Robert S. Bitner,                   :
Donald Williamson, Melissa Hughes,                 :
Timothy Lucas, Susan Darr and John                 :
Doe Officer #1                                     :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                    FILED:  March 12, 2018

James A. Paluch, Jr., (Appellant) appeals an Order of the Court of Common Pleas of Somerset County (trial court) that granted summary judgment in favor of Jeffrey A. Beard, William S. Stickman III, Gerald L. Rozum, Steven M. Gates, Allen G. Joseph, Daniel Gehlmann, Mandy Biser, Robert Snyder, Robert S. Bitner, Donald Williamson, Melissa Hughes, Timothy Lucas, Susan Darr, and John Doe Officer #1 (Appellees, collectively) and against Appellant with prejudice.  Appellees argue the appeal should be quashed because Appellant did not timely file his statement of

errors complained of on appeal (Statement) as required by Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b).[1] Because the Pennsylvania Supreme Court has required strict adherence to Pa.R.A.P. 1925, and because Appellant has not shown good cause for non-compliance, we are constrained to find Appellant has waived all of his issues and quash the appeal.

Appellant initiated this civil action against Appellees[2] by filing a complaint in August 2007. In the complaint, Appellant alleged, *inter alia*, that he was retaliated against for speaking out about prison conditions, which resulted in him being placed in the Special Management Unit (SMU) upon his transfer to a different state prison. Appellant also claimed he was assaulted by another inmate and mail from his attorney was improperly opened by prison staff. Appellees filed an answer to the complaint, denying the allegations and averring, in part, that the transfer to the SMU was for legitimate penological reasons, the fight was mutual, and that his mail was opened after it tested positive for drugs.

Following years of litigation, Appellees moved for summary judgment on June 13, 2013, which the trial court ultimately granted on December 30, 2015. Appellant filed a timely notice of appeal on January 22, 2016. In response to the

---

[1] Rule 1925(b) provides:

**Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa.R.A.P. 1925(b).

[2] Appellees include the former Secretary of Corrections and former and current employees of the State Correctional Institution at Somerset, where Appellant was formerly incarcerated.

notice of appeal, the trial court issued an order, dated January 27, 2016, and filed January 28, 2016, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b), directing Appellant to file his Statement within 21 days. The order directed Appellant to file the Statement and serve it upon the trial court. It also directed Appellant to review and comply with Pa.R.A.P. 1925(b)(4)[3] and advised that any error not included in the Statement would be deemed waived.

Appellant's Statement was due February 18, 2016. Instead of filing his Statement, Appellant filed what he called a "Motion for Special Relief" with the trial court on February 18, 2016, wherein he advised the trial court that he could not file a Statement because he did not know the trial court's reasoning for its December 30,

---

[3] Rule 1925(b)(4) provides:

(i)   The Statement shall set forth only those rulings or errors that the appellant intends to challenge.
(ii)  The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.
(iii) The judge shall not require appellant or appellee to file a brief, memorandum of law, or response as part of or in conjunction with the Statement.
(iv)  The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.
(v)   Each error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court; this provision does not in any way limit the obligation of a criminal appellant to delineate clearly the scope of claimed constitutional errors on appeal.
(vi)  If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver.
(vii) Issues not included in the Statement and/or not raised in accordance of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4).

2015 Order. He asked the trial court to file an opinion explaining its reasoning and to grant him additional time to file his Statement. The trial court did not act on the "Motion for Special Relief." This prompted Appellant to file a second "Motion for Special Relief" on June 8, 2016, wherein Appellant reasserted the difficulty he had with filing his Statement without the trial court's reasoning. Appellant again requested the trial court issue an opinion explaining its decision to grant summary judgment in Appellees' favor and allow him additional time to file his Statement. Once again, the trial court did not act on the request.

Finally, on August 19, 2016, Appellant filed his Statement, which was six months late. On January 23, 2017, the trial court issued a three-paragraph opinion, pursuant to Rule 1925(a)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a)(1),[4] explaining its rationale for granting the motion for summary judgment. On appeal to this Court, Appellant raises four issues: (1) whether the trial court erred in granting summary judgment in Appellees' favor when discovery was outstanding; (2) whether genuine issues of material fact exist and Appellant was deprived of due process to demonstrate those facts because of the outstanding discovery issues; (3) whether the trial court erred in not allowing Appellant to file an amended complaint; and (4) whether the case should be transferred to another county or, alternatively, that the trial court judge should recuse himself.

---

[4] Rule 1925(a)(1) provides, in pertinent part,

(1)    *General rule.*--Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1).

4

On August 15, 2017, Appellees filed a motion to quash the appeal. Appellees allege Appellant's Statement was untimely because it was not filed within 21 days of the trial court's order as required by Rule 1925(b). As such, Appellees argue all issues have been waived.

Appellant responds that he was confused as to what matters were in error because he did not have the benefit of the trial court's reasoning behind its decision. He points to the two "Motions for Special Relief" he filed asking the trial court to file an opinion so he could comply and file his Statement. He also notes that the trial court accepted the untimely Statement and addressed the merits of granting the motion for summary judgment. As a result, Appellant asserts, his Statement should be deemed timely.

By order dated September 12, 2017, this Court directed Appellees' motion to quash be decided with the merits of Appellant's appeal. Because we conclude that Appellant's Statement is untimely, we do not reach the merits because they are waived.

"In our early jurisprudence, this Court held that an untimely Rule 1925(b) statement did not waive all issues where the trial court issued an opinion addressing the merits of the appellant's issues." *Jenkins v. Fayette Cnty. Tax Claim Bureau*, __ A.3d __, __ (Pa. Cmwlth., No. 71 C.D. 2017, filed Jan. 3, 2018), slip op. at 5. Appellant advocates for this approach here. However, this approach was expressly disapproved by the Pennsylvania Supreme Court, and now "[w]aiver is not cured by the trial court's filing of a Rule 1925(a) opinion addressing the merits of the issues on appeal." *Id.* at __, slip op. at 6. Instead, the Pennsylvania Supreme Court has strictly applied its requirement that appellants timely comply with a trial court's order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P.

5

1925. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005); *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1988).[5] "[T]o emphasize the point that the intermediate appellate courts do not have the discretion to countenance deviations from the Rule's requirements," the Supreme Court "expressly voiced [its] disapproval of lower court decisions that had created exceptions to the Rule's bright-line nature." *Commonwealth v. Hill*, 16 A.3d 484, 492 (Pa. 2011); *see also Castillo*, 888 A.2d at 780 ("disapprov[ing] of prior decisions of the intermediate courts to the extent that they have created exceptions to [Pa.R.A.P. 1925] and have addressed issues that should have been deemed waived"). Based upon this precedent, this Court has been constrained to find issues waived when a 1925(b) statement is untimely filed. *See Jenkins*, __ A.3d at __, slip op. at 7; *In Re: Clinton Cnty. Tax Claims Bureau Consol. Return for Sale of Sept. 24, 2012*, 109 A.3d 331, 335 (Pa. Cmwlth. 2015); *Hapchuk v. Dep't of Transp., Bureau of Motor Vehicles*, 929 A.2d 656, 660 (Pa. Cmwlth. 2007); *Commonwealth v. Holtzapfel*, 895 A.2d 1284, 1289 (Pa. Cmwlth. 2006).

The Rules provide for a limited exception if an appellant can show good cause for non-compliance. Pursuant to Rule 1925(c)(2), "[u]pon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing nunc pro tunc of a Statement." Pa.R.A.P. 1925(c)(2). In his response

---

[5] *Castillo*, *Schofield*, and *Lord* are criminal cases. In 2016, for all appeals except criminal ones, the Appellate Court Procedural Rules Committee proposed amending Rule 1925(b) so that waiver would not occur unless a deficiency in the 1925(b) statement "interferes with or effectively precludes appellate review." 46 Pa. Bull. 5886 (Sept. 17, 2016). In the proposed explanatory comment, the Committee explained the proposed amendment was in response to the "harshness of enforcing a bright-line rule that failure to file a timely Statement . . . will result in waiver." *Id.* In response to comments, the Committee revised its proposal a few months later to have the new standard apply to all cases. 46 Pa. Bull. 7802 (Dec. 17, 2016). The Supreme Court has not adopted the proposed amendment. Thus, under the current law, the bright-line rule remains in effect and there is no distinction between criminal and civil appeals.

to the motion to quash, Appellant argues he was confused as to what issues he would raise because he was without the benefit of the trial court's opinion. While we recognize it is difficult for a party, especially a pro se individual, to file a statement of errors complained of on appeal without knowing the reasoning behind a trial court's decision, the Rules provide for this exact contingency. Rule 1925(b)(4)(vi) provides:

> If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver.

Pa.R.A.P. 1925(b)(4)(vi).

Consistent with this Rule, our courts have held that a vague 1925(b) statement is sometimes necessary when the record lacks the trial court's reasoning, and in such cases, a vague 1925(b) statement will not be grounds for waiver. In *Ryan v. Johnson*, 564 A.2d 1237, 1239 (Pa. 1989), the Supreme Court found that the Superior Court erred in dismissing an appeal on the grounds that appellant filed a vague statement of errors complained of on appeal, stating:

> Numerous issues were raised in the present case, and, inasmuch as the reasons for the court's order do not appear in the record, there was no way for appellant to know which issues the court viewed favorably and which issues it had rejected. Indeed, there was no way to know whether the issues had even been considered by the court. Obviously, unless one knows the basis for a court's order, there is no way to specifically challenge its rationale.

*Id.*

In accordance with *Ryan*, the Superior Court has likewise acknowledged that sometimes "an appellant may be **forced** to file a vague Rule 1925(b) statement." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 804 (Pa. Super. 2007) (emphasis in

7

original).  When the reasons for a trial court's decision are not discernable from the record, the Superior Court has held it would be "unjust to consider" a vague Rule 1925(b) statement a violation of the Rule.  *Id.*  "Just as the trial judge cannot be made to guess what an appellant is complaining of on appeal, an appellant cannot be made to guess what the trial judge is thinking in his or her ruling."  *Id.* (quoting *Commonwealth v. Zheng*, 908 A.2d 285, 288 (Pa. Super. 2006)).  Thus, "under these limited circumstances . . ., it is not appropriate to find waiver or dismiss the appeal based on a vague Rule 1925(b) statement."  *Id.*

Because the Rules provide a mechanism to file a generalized statement of errors complained of on appeal when the basis for the trial court's decision is not readily discernable from the record, we cannot conclude Appellant had good cause for not timely filing his Statement.  Appellant could have done in February 2016 what he did in August 2016:  file a Statement averring that summary judgment was improper because discovery was outstanding and genuine issues of material fact existed.  Accordingly, we are constrained to grant Appellees' motion to quash and quash Appellant's appeal on the basis that no issues have been preserved.

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James A. Paluch, Jr.,          :
                Appellant      :
                             :
            v.               :    No. 114 C.D. 2016
                             :
Jeffrey A. Beard, William S.      :
Stickman III, Gerald L. Rozum,    :
Steven M. Gates, Allen G. Joseph,   :
Daniel Gehlmann, Mandy Biser,     :
Robert Snyder, Robert S. Bitner,    :
Donald Williamson, Melissa Hughes,   :
Timothy Lucas, Susan Darr and John   :
Doe Officer #1                      :

## <u>O R D E R</u>

**NOW**, March 12, 2018, the motion to quash filed by Jeffrey A. Beard, William S. Stickman III, Gerald L. Rozum, Steven M. Gates, Allen G. Joseph, Daniel Gehlmann, Mandy Biser, Robert Snyder, Robert S. Bitner, Donald Williamson, Melissa Hughes, Timothy Lucas, Susan Darr, and John Doe Officer #1 (Appellees) is **GRANTED**, and the appeal of James A. Paluch, Jr., from the December 30, 2015 Order of the Court of Common Pleas of Somerset County is **QUASHED**.

 

 

                                 _____

                                 **RENÉE COHN JUBELIRER,** Judge