J-A27040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| STATE FARM INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAWN MCATEER | : | |
| | : | |
| Appellant | : | No. 576 EDA 2018 |

Appeal from the Order Entered January 17, 2018
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2012-01070

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 05, 2019**

Dawn McAteer appeals from the Order entered on January 17, 2018 dismissing her "Petition to Strike, Set Aside and Open Judgment, Award, and All Actions of Arbitrators." She maintains that she was denied a full and fair arbitration hearing and that the judgment entered on the resultant award is therefore void. We affirm.

The trial court aptly summarized the procedural history and facts of this case as follows:

> On July 31, 2001, [McAteer] was involved in a vehicle accident resulting in personal injury. [State Farm] insured [McAteer] at the time of the accident. On December 2, 2002, [McAteer] sued the alleged tortfeasor in The Philadelphia Court of Common Pleas resulting in settlement on or about October of 2003.
>
> On April 23, 2004, [McAteer] filed a Petition to Appoint Arbitrator and Compel Arbitration in the Philadelphia Court of Common Pleas. [McAteer] challenged the policy coverage provided by [State Farm] for uninsured motorists. After engaging

in discovery to discern where the Petition should be litigated and what policy provisions apply, the Philadelphia Court of Common Pleas transferred the case to Bucks County on July 19, 2004, due to the insurance policy stating arbitration "shall take place in the county in which the insured resides."

[McAteer] averred she lived in Philadelphia in the instant Petition, however, she also averred she was a resident of Bucks County in previous matters.

[McAteer] changed counsel in 2011. On November 15, 2011, [McAteer] filed a second Petition to Appoint Arbitrator and Compel Arbitration in Court of Common Pleas of Philadelphia. After filing the second petition, counsel retired, and again new counsel was retained. Thereafter, The Philadelphia Court of Common Pleas again transferred the second Petition to Bucks County. [McAteer] appeal the court's decision and the Superior Court held, *inter alia*:

> [McAteer] develops no argument related to the trial court's determinations that it was bound by the 2004 ruling transferring venue to Bucks County and that she failed to assert a specific contractual basis that permitted venue in any county in which she resided at the time of filing her petition. Accordingly, we have no basis on which to grant relief. **See** Pa.R.A.P. 302(a), 2119(a); ***Creazzo v. Medtronic, Inc***., 903 A.2d 24, 28 (Pa.Super. 2006).

***McAteer v. State Farm Mut. Auto. Ins. Co.***, No. 1428 EDA 2013, at *3 (Pa.Super. Jan. 7, 2014) (unpublished opinion).

On February 6, 2012, [State Farm] filed a Petition to Appoint Arbitrator(s) whilst [McAteer] second Petition was pending. After repeated attempts to serve this third Petition on [McAteer] at various addresses, this [c]ourt entered an Order granting alternative service by means of publication, or regular and certified U.S. Mail, and by serving [McAteer's] last known attorney of record. [McAteer] avers "[a]t no time was an arbitration scheduled and held by the arbitration panel or was any notice of anything provided to Dawn McAteer relating to or regarding the third petition." In fact, The Bucks County Prothonotary and [State Farm] issued notice by several means.

The Court entered a Rule to Show Cause on November 6, 2013. [McAteer] failed to respond by December 2, 2013, and on April 21, 2014, [State Farm] entered a Motion to Make Rule Absolute. The Court entered an Order on May 6, 2014, making rule absolute. [State Farm] filed a Motion to Dismiss for Lack of Prosecution and Violation of the Order to the Court, which was granted. [McAteer's] counsel did not answer the phone calls, or messages from the neutral arbitrator attempting to schedule an arbitration hearing. Due to [McAteer's] inaction, in their arbitrator did not participate in the proceedings and the panel decided in favor of [State Farm] on November 3, 2014. A Judgment on the Award of the Arbitrators in favor of [State Farm] was entered on December 10, 2014. Notice of the Judgment was mailed in accordance with Pa.R.C.P. 236.

Nearly two (2) years later, [McAteer] filed the instant Petition to Strike, Set Aside and Open Judgment, Award, and All Actions of the Arbitrators on December 6, 2016. [State Farm] sought a Protective Order from the Court on January 25, 2017. The parties sought a ruling on [McAteer's] Petition to Strike/Open and [State Farm's] Protective Order in accordance with Bucks county Rule of Civil Procedure 208.3(b). On January 18, 2018, this Court entered an Order granting [State Farm's] Protective Order and denying [McAteer's] Petition to Strike, Set Aside, and Open the Judgment. [McAteer] filed his Notice of Appeal on February 20, 2018.

Trial Court Opinion ("TCO"), filed May 1, 2018, at 1-4.

McAteer's brief identifies one issue for appellate review: "Whether the trial court erred in dismissing [McAteer's] petition to strike the award entered in the arbitration of her uninsured/underinsured motorist claim?" McAteer's Br. at 3.

The trial court notes that McAteer failed to file her Pa.R.A.P. 1925(b) statement with the court's prothonotary, but evidently delivered it to the trial judge. Our review of the docket confirms that she failed to file her Rule 1925(b) statement, and indeed, it does not appear in the certified record.

McAteer thus waived all issues on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 223 (Pa.Super. 2014) (*en banc*) (holding appellant waived all issues on appeal by filing untimely Rule 1925(b) statement, even though trial court accepted untimely statement and issued an opinion).[1]

Moreover, the 58-paragraph Rule 1925(b) statement she attached to her brief – even assuming it is the same as what she delivered to the trial judge – preserved no issues due to its incoherence. ***See Commonwealth v. Ray***, 134 A.3d 1109, 1114 (Pa.Super. 2016); ***Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa.Super. 2007). What is more, none of the many issues she catalogues in her lengthy Rule 1925(b) statement correspond to the one issue McAteer lists in her Statement of Questions Presented. ***See Krebs v. United Refining Co. of Pa.***, 893 A.2d 776, 797 (Pa.Super. 2006). As such, we conclude that McAteer waived all issues on appeal.

In any event, the trial court properly dismissed her petition. Despite the broad title she gave to her petition, the only relief she sought was to set aside the arbitration award. However, McAteer filed her petition nearly two years after receiving the arbitration award, when she ought to have filed it within

---

[1] ***See also Paluch v. Beard***, 182 A.3d 502, 503-04 (Pa.Cmwlth. 2018) (holding appellant waived all issues on appeal by filing untimely Rule 1925(b) statement, and did not show "good cause" for remand to file it *nunc pro tunc*).

30 days. 42 Pa.C.S. 7315(a); **Maxton v. Phila. Housing Auth.**, 454 A.2d 618, 619 (Pa.Super. 1982). The fact that McAteer's insurance policy provides for arbitration under the now-repealed Pennsylvania Arbitration Act of 1927 ("1927 Act")[2] does not change the outcome. Even the 1927 Act's provision of 90 days in which to seek relief in court from an arbitration award would not help McAteer. In any event, although parties to a contract may elect to arbitrate disputes under the 1927 Act's substantive standards, they cannot choose that act's procedural provisions, such as the 90-day period for petitions to court. **Maxton**, 454 A.2d at 619.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/19

---

[2] **See** State Farm Insurance Policy, at 20.

- 5 -