IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Boylan,                             :
                          Appellant       :
                                          :
              v.                          :      No. 350 C.D. 2024
                                          :      Submitted:  February 3, 2026
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing                :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STELLA M. TSAI, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER            FILED:  April 23, 2026


        Brian Boylan (Boylan) appeals the January 10, 2024 Order of the Court of
Common Pleas of Luzerne County (trial court), denying his statutory appeal from
an 18-month suspension of his operating privilege imposed by the Commonwealth
of Pennsylvania, Department of Transportation, Bureau of Driver Licensing
(Department).  On appeal, Boylan presents a single issue:  whether the trial court's
years-long delay in issuing its decision prejudiced him.  The Department counters
that Boylan waived this sole issue on appeal because he did not timely file a concise
statement of errors complained of on appeal pursuant to Pennsylvania Rule of
Appellate Procedure 1925(b), Pa.R.A.P. 1925(b) (1925(b) Statement), as directed by
the trial court.  After review, the Court is constrained to affirm the Order because
Boylan did not timely file a 1925(b) Statement as required by Pa.R.A.P. 1925(b).

## I.    BACKGROUND

On June 7, 2020, Boylan was arrested for driving under the influence of alcohol or a controlled substance after being involved in a single-vehicle motorcycle crash. Following his arrest, Boylan refused to submit to a chemical breath test. Consequently, the Department suspended Boylan's operating privilege for 18 months pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, commonly known as the Implied Consent Law.

Boylan appealed his suspension to the trial court on July 20, 2020. The trial court subsequently held a de novo hearing on October 5, 2020. During the hearing, the Department called two officers of the Dallas Township Police Department to testify as witnesses to the events that resulted in the suspension. Boylan neither testified nor presented any evidence during the hearing.

No further activity occurred in the case until September 20, 2023, when the trial court's administrator filed a notice informing the parties that the trial court intended to terminate the case for inactivity. In response, Boylan filed a statement of intent to proceed, explaining that the parties were waiting for the trial court's decision in the case. Following a status conference, the trial court issued the Order on January 10, 2024, denying Boylan's statutory appeal.

Boylan timely appealed the Order to this Court on February 9, 2024.[1] In an order issued on February 14, 2024, the trial court directed Boylan to file of record and serve on the Department and trial court a 1925(b) Statement within 21 days (1925(b) Order).[2] The trial court directed Boylan to "concisely identify each ruling or error [he] intend[s] to challenge with sufficient detail, identifying all pertinent

---

[1] Boylan filed an "Amended Notice of Appeal." The Original Record does not contain any other notice of appeal.

[2] The 1925(b) Order is dated February 24, 2024, but was issued on February 14, 2024.

issues for the [c]ourt." (Original Record (O.R.) Item No. 16.) The trial court also explained that "any issue(s) not properly included in [the 1925(b)] Statement shall be deemed waived." (*Id.*)

On February 27, 2024, Boylan filed in the trial court a Petition for Appeal of Driver's License Suspension and Supersedeas Pending Appeal (Petition), requesting a stay of his suspension pending the appeal to this Court. In the Petition, Boylan also averred that "[t]he decision from the [trial court] was prejudicial to [Boylan] in the three and one-half year del[a]y." (O.R. Item No. 18.) The trial court granted the Petition the same day.

Subsequently, the trial court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a). Therein, the trial court opined that Boylan waived any issue for appellate review because he did not file a 1925(b) Statement as directed by the 1925(b) Order. In response, Boylan filed a Motion for Reconsideration on April 18, 2024, averring in relevant part:

> 8. [The trial court] issued [the 1925(b)] Order directing [Boylan] to file his 1925(b) Statement of Matters complained of [on] Appeal.
>
> 9. Counsel thought said Matters were filed but were not through a clinical [sic] error.
>
> 10. No harm was caused by this.
>
> 11. The Matters complained of [on] Appeal are attached hereto.

(O.R. Item No. S1-3.) In the attached 1925(b) Statement, Boylan complained that the trial court erred in holding that "the police had a basis to arrest" him and he "was adequately advised of his rights in his refusal to submit to a test of his blood," and that he "was prejudiced in the delay in these proceedings." (*Id.*)

Upon review of the record, this Court remanded the matter in a May 28, 2024, per curiam order for the trial court to determine whether the Petition constituted a 1925(b) Statement. *Boylan v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 350 C.D. 2024, filed May 28, 2024) (per curiam order). The Court explained that in the Petition, which was filed within 21 days of the 1925(b) Order, Boylan averred that "[t]he decision from the [trial court] was prejudicial to [Boylan] in the three and one-half year [delay]." *Id.* at 2 (first, second, and fourth alternations in original). Because this averment "may be construed as compliance with the trial court's 1925(b) [O]rder," the Court directed the trial court to "file a supplemental opinion indicating whether it has accepted [Boylan's Petition] as his [] 1925(b) Statement and, if so, addressing the issue raised therein." *Id.*

The trial court issued a supplemental opinion on July 26, 2024, opining that it did not accept the Petition as Boylan's 1925(b) Statement. The trial court reasoned that "[w]hile the filing states that the Petition is a notice of appeal and/or a petition for supersedeas, counsel for Boylan presented the Petition as a petition for supersedeas" during motions court "to allow Boylan to drive pending the outcome of the appeal." (O.R. Item No. S1-9.) The trial court further reasoned that it "would have been required to guess which errors Boylan intended to assert" on appeal because the Petition did "not adequately and concisely identify[] the issues." (*Id.*) Moreover, the trial court opined that counsel for Boylan indicated in the Motion for Reconsideration that Boylan did not file a 1925(b) Statement. Accordingly, the trial court concluded the Petition did not qualify as a 1925(b) Statement.

Following the trial court's supplemental opinion, this Court issued a briefing schedule. With briefing complete, this matter is ripe for disposition.

## II. DISCUSSION

On appeal,[3] Boylan argues only that the trial court's delay in issuing the Order prejudiced him. The Department counters that this sole argument is waived because Boylan did not timely file a 1925(b) Statement as directed by the trial court. The Department argues the Petition does not constitute a 1925(b) Statement because the intent of the Petition was to stay the suspension, the Petition does not comply with the requirements of Pa.R.A.P. 1925(b), and Boylan admitted in the Motion for Reconsideration that he did not file a 1925(b) Statement. The Court is constrained to agree with the Department.

Pursuant to Pa.R.A.P. 1925(b), if the trial court "desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge" a 1925(b) Statement within 21 days. Pa.R.A.P. 1925(b), (b)(2)(i). When a trial court directs an appellant to file a 1925(b) Statement in accordance with Pa.R.A.P. 1925(b), the appellant must do so "to preserve their claims for appellate review." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). "[I]f an appellant fails to file a timely [] 1925(b) Statement as ordered by the trial court, all issues will be waived for purposes of appellate review." *Cummings v. Matiyasic*, 347 A.3d 849, 852 (Pa. Cmwlth. 2025).

"[T]he Pennsylvania Supreme Court has strictly applied its requirement that appellants timely comply with a trial court's order to file a [1925(b) Statement] pursuant to Pa.R.A.P. 1925(b)." *Paluch v. Beard*, 182 A.3d 502, 506 (Pa. Cmwlth. 2018) (citing cases). "In our early jurisprudence, this Court held that an untimely []

---

[3] The Court's "review is limited to determining whether the trial court's findings are supported by substantial evidence, errors of law have been committed, and the trial court's determinations demonstrate an abuse of discretion." *Palitti v. Dep't of Transp., Bureau of Driver Licensing*, 331 A.3d 96, 105 n.11 (Pa. Cmwlth. 2024).

1925(b) [S]tatement did not waive all issues where the trial court issued an opinion addressing the merits of the appellant's issues." *Jenkins v. Fayette Cnty. Tax Claim Bureau*, 176 A.3d 1038, 1041-42 (Pa. Cmwlth. 2018). But our Supreme Court has since disapproved of intermediate appellate courts creating exceptions to the strict, bright-line waiver requirement for untimely 1925(b) Statements established in *Lord*. *See Commonwealth v. Hill*, 16 A.3d 484, 424, 427 (Pa. 2011) (disapproving "lower court decisions that had created exceptions to [Pa.R.A.P. 1925(b)'s] bright-line nature," explaining "the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement"); *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (disapproving "prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived"); *see also Commonwealth v. Wholaver*, 903 A.2d 1178, 1184 (Pa. 2006) (reaffirming that "the strict waiver rule should not be 'selectively enforced . . . based on the arguments of the parties'" (citation omitted)); *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005) (reasserting that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver"). Based on this precedent, this Court has **no discretion to deviate** from the strict, bright-line waiver requirements of Pa.R.A.P. 1925(b) and is "constrained to find issues waived when a 1925(b) [S]tatement is untimely filed." *Paluch*, 182 A.3d at 506 (citing cases).

Here, the Court is constrained to conclude that the sole issue raised on appeal is waived. In the 1925(b) Order, which complied with the content requirements of Pa.R.A.P. 1925(b)(3), the trial court directed Boylan to file a 1925(b) Statement within 21 days of the order. However, as counsel for Boylan indicates in the Motion for Reconsideration, Boylan did not timely file a 1925(b) Statement. (*See* O.R. Item No. S1-3.) Although Boylan averred that "[n]o harm was caused by this" and

6

attached a 1925(b) Statement to the Motion for Reconsideration, (*id.*), Boylan does not argue on appeal that there are "extraordinary circumstances" for which the trial court should have accepted the 1925(b) Statement *nunc pro tunc*, *see* Pa.R.A.P. 1925(b)(2)(i) (authorizing a judge to allow a 1925(b) Statement *nunc pro tunc* "[i]n extraordinary circumstances").[4]   Even if Boylan raised this argument, the only reason given for the untimely 1925(b) Statement is that Boylan's "[c]ounsel thought said Matters were filed but were not through a clinical [sic] error."  (O.R. Item No. S1-3.)   This error on the part of counsel does not constitute an extraordinary circumstance to allow a 1925(b) Statement *nunc pro tunc*, i.e., fraud, a breakdown in the process, or a non-negligent circumstance regarding Boylan or his counsel.  *See Sagamore Hills Homeowners Ass'n v. Whitney*, 349 A.3d 472, 476 (Pa. Cmwlth. 2025) (missing the deadline to file a 1925(b) Statement because counsel "inappropriately calendared" the trial court's 1925(b) order did not constitute an extraordinary circumstance to allow a 1925(b) Statement *nunc pro tunc*). Consequently, the Court is constrained to conclude that Boylan has waived his sole appellate issue because he did not timely file a 1925(b) Statement.  *See Cummings*, 347 A.3d at 852; *Paluch*, 182 A.3d at 506.

While not challenged by Boylan on appeal, the Court agrees with the trial court that the Petition does not constitute a 1925(b) Statement.  Boylan filed the Petition within 21 days of the 1925(b) Order, averring that the trial court's delay in issuing the Order prejudiced him.  Although the Petition averred the same issue

_____

[4] Pennsylvania Rule of Appellate Procedure 1925(c)(2) provides another limited avenue to escape the strict waiver requirement for non-compliance with Pa.R.A.P. 1925(b), providing that "[u]pon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing or service *nunc pro tunc* of a [1925(b)] Statement." Pa.R.A.P. 1925(c)(2). Here, Boylan has not made such an application or argued there is good cause for this Court to remand for Boylan to file a 1925(b) Statement *nunc pro tunc*.

asserted on appeal, Boylan did not file the Petition to identify errors that he intended to assert on appeal, as Pa.R.A.P. 1925(b) requires, but to request a stay of the suspension pending his appeal to this Court. Furthermore, in essence, counsel for Boylan indicated that the Petition did not constitute a 1925(b) Statement, explaining in the Motion for Reconsideration that no 1925(b) Statement had been filed in error. Therefore, the Court cannot consider the Petition as satisfying the requirements of Pa.R.A.P. 1925(b).

## III.    CONCLUSION

For the foregoing reasons, the Court is constrained to affirm the Order.

_____
RENÉE COHN JUBELIRER, President Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Boylan,                                    :
              Appellant                      :
                                       :
          v.                                       :    No. 350 C.D. 2024
                                         :
Commonwealth of Pennsylvania,                    :
Department of Transportation,                    :
Bureau of Driver Licensing                       :

# **O R D E R**

    **NOW**, April 23, 2026, the January 10, 2024 Order of the Court of Common Pleas of Luzerne County is **AFFIRMED**.

 

                                       _____

                                         RENÉE COHN JUBELIRER, President Judge